# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-1618/3436

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Luis M. Palacios, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 6, 2008
Filed: October 15, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Luis Palacios guilty of conspiring to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiring to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 1956(h); and the district court[1] sentenced him to a total of 360 months in prison and 5 years of supervised release. The court also entered a forfeiture judgment under 21 U.S.C. § 853(a). Palacios appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

sentence. (No. 07-1618.) Palacios separately appeals, pro se, the district court's denial of his pro se motion for transcripts, a motion the district court denied because trial counsel had previously requested the transcripts. (No. 07-3436.)

Following careful review, we find nothing in the record to show that the district court acted unreasonably in sentencing Palacios at the bottom of the advisory Guidelines range of 360 months to life: there is no indication that the court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only the appropriate factors but committed a clear error of judgment in weighing those factors. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (relevant factors in reviewing reasonableness of sentence); see also United States v. Brown, 539 F.3d 835, 841-42 (8th Cir. 2008), cert. denied, 129 S. Ct. 658 (2008) (discretionary decision not to depart downward is not generally reviewable on appeal, absent alleged unconstitutional motive or mistaken belief that court lacked authority to depart; affirming 360-month sentence, which was at bottom of Guidelines range of 360 months to life, despite allegations of abuse suffered as child and mental and emotional disorders).

In addition, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. In particular, the government amply established through the testimony of cooperating codefendants and postal inspectors the existence of a drug-distribution agreement between Palacios and at least one other person, see United States v. Sherman, 262 F.3d 784, 790-91 (8th Cir. 2001), as well as an agreement to launder money, see 18 U.S.C. § 1956(a)(1)(A) (elements of money-laundering violation); United States v. Dugan, 238 F.3d 1041, 1043 (8th Cir. 2001) (conspiracy to launder money). Further, the district court adopted the findings in the presentence report, to which the parties did not object, that Palacios was responsible for at least 5 kilograms of the drug, that he was subject to a

role enhancement, and that he was a career offender under the Sentencing Guidelines, and those findings are supported by the record.

Accordingly, in Appeal No. 07-1618, we affirm the judgment of the district court. We also grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari, and we deny Palacios's motions for new counsel. As for Appeal No. 07-3436, because the district court was not required under the Criminal Justice Act to authorize duplicate transcripts at government expense to defense counsel and defendant, we affirm the denial of Palacios's motion.

_____